UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JON R. ORLANDO,**
**INSTITUTIONAL ID NO. 2416162,**

   Plaintiff,

v.                                                                             No. 4:23-cv-0285-P

**ROBERT PARKER, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Jon R. Orlando is a state prisoner serving a 35-year sentence for evading arrest with a vehicle.[1] In this civil-rights action, Orlando complains about the underlying arrest that led to his conviction. Proceeding pro se and *in forma pauperis* (IFP), Orlando claims that five City of Watauga police officers (Defendants) falsely arrested him and used excessive force against him. He seeks monetary damages under 42 U.S.C. § 1983. As explained below, the Court **DISMISSES** all of Orlando's claims except his excessive-force claim against Defendant A. Hetler.

## LEGAL STANDARDS

### A. 28 U.S.C. § 1915

A district court *must* dismiss a prisoner's IFP complaint if, at any time, it determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Norwood v. O'Hare*, 404 F. App'x 923, 924 (5th Cir. 2010).

1. <u>Frivolity</u>

A complaint is frivolous if it lacks an arguable basis in law or fact. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputable meritless legal

---

[1] *See* https://inmate.tdcj.texas.gov; *see also* ECF No. 10 at 2.

theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### 2. Failure to State a Claim

Dismissals for failure to state a claim under § 1915(e) are reviewed de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1209 (5th Cir. 2005)). Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege facts that support each element of the cause of action in order to state a valid claim. *See City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154–55 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.")). The court does not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *City of Clinton, Ark.*, 632 F.3d at 153 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## B. 42 U.S.C. § 1983

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal right; and (2) that the person acted under color of state or territorial law. *See Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court considered the effect of a criminal conviction on a plaintiff's § 1983 claim. *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). The *Heck* court held that a plaintiff is not permitted to use a § 1983 action to challenge the validity of his conviction or sentence unless he demonstrates that the conviction or sentence has been reversed or invalidated. *Id.* The Supreme Court imposed this requirement on § 1983 plaintiffs to avoid collateral attacks by plaintiffs on convictions that are still outstanding. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (citing *Heck*, 512 U.S. at 487)). Thus, when a defendant who has been convicted of a crime brings a § 1983 claim, "the district court must first

consider whether a judgment in favor of the plaintiff on his § 1983 claim would necessarily imply the invalidity of his conviction or sentence." *See Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 487)). If so, the claim is barred unless the plaintiff proves that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

## ANALYSIS

Orlando brings false-arrest and excessive-force claims against Defendants in their individual and official capacities.

### A. Official Capacity Claims

To the extent that Orlando seeks to recover monetary damages from Defendants in their official capacities, the Court concludes that Orlando fails to state a plausible § 1983 against them. Defendants are employees of the City of Watauga—a municipal entity. Suits brought against municipal employees in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *See Monell v. New York City Dep't of Social Serv.'s*, 436 U.S. 658, 690 (1978). In other words, in order to recover damages under § 1983 from municipal employees in their official capacities, a plaintiff must demonstrate that the municipality itself is liable for the alleged unlawful conduct. But municipalities are only liable if official policies or customs cause injuries to the plaintiff. *Id.* Here, Orlando does not name the City of Watauga as a defendant in this case. Nor does he even allege, much less plead any specific facts to show, that its policies and/or customs led to his alleged unlawful arrest and resultant injuries.[2]

---

[2]Orlando alleges that Defendant Parker, in his purported official capacity as Chief of Watauga Police, failed to properly train the other defendants on how to properly identify themselves. *See* ECF No. 10 at 3. To the extent that Orlando intends to allege that Parker, as the supervisor of the remaining defendants, is responsible for their conduct, the Court concludes that Orlando fails to state a plausible claim for relief.

Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *See Thompkins v. Belt*, 28 F.2d 298, 303 (5th Cir. 1987) (citations omitted). However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Id.* Supervisory liability can be established without overt personal participation in the

3

**B. Individual Capacity Claims**

1. <u>False Arrest</u>

Orlando claims that Defendants A. Hetler, B. Pickett, K. Bell, and Macana violated his Fourth Amendment right because they arrested him without having probable cause to do so. He alleges they failed to identify themselves as police officers when they approached his parked vehicle to investigate a reported disturbance at Park Vista Apartments. Orlando alleges that, when Defendants approached him, they were masked, armed, and shining flashlights in his face. He insists that he fled the scene because he believed he was being robbed or attacked and did not know that Defendants were police officers.

In accordance with *Heck*, the Court must consider whether a judgment in Orlando's favor would necessarily imply the invalidity of his conviction for evading arrest. The Court concludes that it would. *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of the conviction].")). Thus, Orlando has no cause of action for damages unless he can demonstrate that his conviction has been invalidated. Orlando cannot do so; he specifically admits otherwise in response to the Court's questionnaire. *See* ECF No. 10 at 3.

For these reasons, the Court concludes that Orlando's false-arrest claims are barred by *Heck* and, therefore, legally frivolous.[3]

---

offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Id.* at 304 (citations omitted). Existence of a constitutionally deficient policy cannot be inferred from a single wrongful act. *Id.* Orlando's claim is wholly conclusory. He does *not* allege that Parker was personally involved in his arrest or that his conduct otherwise led to his arrest. For example, Orlando does not allege that Parker directed the other defendants to initiate his arrest in the manner that they did or that Parker was, in any way, personally involved in making the decision to do so. Nor does Orlando argue or plead any facts to demonstrate that Parker implemented or otherwise adopted an unconstitutional practice or policy of any kind.

[3] *See Anderson v. Galveston Cnty. Dist. Clerk,* 91 F. App'x 925 (5th Cir. 2004) (the district court did not abuse its discretion in dismissing the complaint as frivolous given that the damages claim raised therein was *Heck*-barred and thus had no arguable merit); *see also Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir. 1996).

2. <u>Excessive Force</u>

Orlando also claims that Defendants used excessive force against him after he stopped fleeing their pursuit of him. To succeed on an excessive- force claim, a plaintiff bears the burden of showing (1) an injury; (2) which resulted directly and only from the use of force that was excessive to the need; and (3) the force used was objectively unreasonable. *See Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (citations omitted). Although a showing of "significant injury" is no longer required in the context of an excessive-force claim, a plaintiff must assert that he suffered some form of injury. *Id.* The injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed. *Id.*

Here, Orlando alleges that *after* he stopped his vehicle, he "put his hands up in surrender." He alleges that, despite his "surrender," Defendant Hetler made a hostile comment and slammed his face and body into the concrete, causing him to sustain a broken nose and injury to his right shoulder. *See* ECF No. 1 at 5; *see also* ECF No. 10 at 6–7. However, he admits that he *did not* sustain any injuries as a result of Defendants Pickett, Bell, or Macana's conduct. *See* ECF No. 10 at 8. Nor does he allege that they failed to intervene. This is fatal to his claims against them. Because Orlando fails to plead any facts that show he sustained an injury as a result of Pickett, Bell, or Macana's conduct, the Court concludes that he fails to state a plausible excessive-force claim against them.

## CONCLUSION

For these reasons, Orlando's § 1983 claims against Defendants in their official capacities are **DISMISSED WITH PREJUDICE** for failure to state a plausible claim for relief.

Orlando's § 1983 false-arrest claims against Defendants Hetler, Pickett, Bell, and Macana in their individual capacities are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Orlando's § 1983 excessive-force claims against Defendants Pickett, Bell, and Macana in their individual capacities are **DISMISSED WITH PREJUDICE** for failure to state a plausible claim for relief.

Orlando's § 1983 supervisory liability claim against Defendant Parker, to the extent that he intends to raise one, is **DISMISSED WITH PREJUDICE** for failure to state a plausible claim for relief.

Orlando will be allowed to proceed with his excessive-force claim against Defendant Hetler in his individual capacity. However, the Court expresses no opinion on the merits of his claim.

**SO ORDERED** on this **13th day** of **June 2024.**

*[Signature]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE